REP.

## CAPITAL CITY OIL WORKS *v.* ARMISTEAD BLACK.

1. MASTER AND SERVANT. *Injury to servant. Contributory negligence.*

   A servant who fails to use ordinary care in looking out for danger, and, as a consequence, is injured while in the discharge of a hazardous duty, cannot recover therefor on the ground that the master failed to use means to prevent the injury.

2. SAME. *Alleged negligence of master. Case.*

   The president of an oil company ordered out a loaded car, and as it rolled down the side-track he called to several employes present to know if any of them could couple it, when plaintiff, one of the laborers, who had some experience in handling cars, ran ahead of the car to couple it to another, the president urging him on, and at the same time directing another employe, a boy, to put on the brake, which, however, was not done. Plaintiff supposed the speed of the car would be controlled, and did not look back. It ran with force against the other car just as he reached it, injuring his hand. *Held,* that, as he might have seen the danger of the undertaking by looking, he could not recover for the injury.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Action of damages by appellee against the appellant, an oil company. Plaintiff was employed as a laborer to shovel cotton-seed in the yard of appellant, in Jackson, Mississippi. While he was working in the yard with other laborers it became necessary to move a loaded car from the yard, and to have it coupled to another car which was standing on a side-track. The president of the company was present giving directions, and about the time the car started he called to the laborers present, saying, that if any of them understood coupling to go ahead and couple this car to the other. Plaintiff, who had some experience in handling cars, responded, and, as he started, the president urged him to hurry up, at the same time directing another employe, a boy, to apply the brake to this car, which was going down grade. Plaintiff supposed the speed of the car would be controlled, and ran forward without looking back, but the brake was not applied, and, just as he reached the other car, and put his hand on the link to make the coupling, the moving car came against it with force, and his hand was caught and badly injured. He was disabled from doing the regular work for which he had been employed, but the next morning after the accident he returned to the mill of appellant, and was put at light work, which he followed about two weeks, when he went to work regularly as before. He remained in the employ of the company for about twelve months, when he was discharged, after which he brought this action. On the trial the above facts, substantially, were shown. Defendant asked a peremptory instruction in its favor, which was refused, and plaintiff had a recovery for $350, hence this appeal.

*Miller, Smith & Hirsh,* for appellant.

1. Appellee was merely requested to couple the car, and was not commanded to do so. Hence his effort to make the coupling was purely voluntary, and he cannot recover. 2 Thomp. on Neg., p. 1017, § 21.

2. But if the president's language can be construed as an order or command, plaintiff was not entitled to recover, and the peremptory instruction should have been given. It is no excuse that plaintiff was hurried. *Taylor* v. *Carew Mfg. Co.,* 140 Mass., 150; 14 Am. & Eng. Enc. L., 859, 862. His opportunities for observing the danger were equal to that of the employer; indeed, they were more ample. See *English* v. *Railroad Co.,* 24 Fed. Rep., 906; 2 Thomp. on Neg., § 7; *Warnell* v. *Railroad Co.,* 31 Am. & Eng. R. R. Cas., 272; *Atlas Engine Wks.* v. *Randall,* 100 Ind., 293 s.c. 50 Am. R., 798.

*Calhoon & Green* for appellee.

Where the master orders the servant into danger, or in a service other than that for which he was employed, his obedience will not be negligence, and in case he is injured in such an undertaking, the master is liable. Beach on Con. Neg., § 132. In such case, the law will not charge the servant with the assumption of the risk, unless the danger is so glaring that no sensible man would enter into it. 14 Am. & Eng. Enc. L., p. 857, § 14; *Railroad Co.* v. *Duffield,* 12 Lea (Tenn.), 63.

The authorities relied upon by appellant are not applicable, for in the cases cited the master was not personally directing the servant. The president of the corporation is the corporation in respect to his negligence. *Smith* v. *Iron Co.,* 42 N. J. L., 467. The undertaking to couple the cars was not *per se* negligence. Certainly it was not so glaringly dangerous as that no prudent man would undertake it. Beach on Con. Neg., § 135.

Argued orally by *M. Green,* for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The peremptory instruction asked by the defendant should have been given. A clearer case for such an one is rarely

presented. On his own testimony, the plaintiff was not entitled to recover any thing. His misfortune was the result of his own stupid carelessness. He knew all and saw all, or might have seen if he used his eyes, that was involved in his undertaking to couple the cars, and rightly charged his injury to an accident such as not unfrequently befalls those whose business it is to apply brakes. His own contemporary view of the occurrence, as indicated by his acts, suggests his proper understanding that he had no claim on the defendant for damages, and that his action for them was the result of after-thought, born of his discharge from the service of the defendant. The thought of holding a private individual responsible in damages in such case would not arise in any mind. The just rights of corporations, under the law, must be as zealously guarded and protected by the courts as those of natural persons.

　　　　　　　　　　*Reversed, and remanded for a new trial.*